976 F.2d 729
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank Robert WEST, JR., Petitioner-Appellant,
v.
Ellis B. WRIGHT, JR., Warden; Mary Sue Terry, Attorney
General of Virginia, Respondents-Appellees.
 No. 89-6686.
 United States Court of Appeals,
Fourth Circuit.
 September 23, 1992.
 
 On Remand From the Supreme Court of the United States. (Supreme Court No. 91-542.)
 Steven H. Goldblatt, Director, Joseph Lombard, Student Counsel, Patricia Mariani, Student Counsel, Heidi Mason, Student Counsel, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, D.C., for Appellant.
 Mary Sue Terry, Attorney General of Virginia, Marla Lynn Graff, Assistant Attorney General, Office of the Attorney General, Richmond, Virginia, for Appellees.
 U.S.
 AFFIRMED.
 Before Ervin, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This matter is before us on remand from the Supreme Court of the United States. See Wright v. West, U.S., 60 U.S.L.W. 4639 (U.S. June 19, 1992) (No. 91-542). The facts of the case and its procedural history are set out in the Supreme Court's opinion and need not be repeated here. In West, the Supreme Court reversed our decision that the evidence of West's guilt of larceny was insufficient under the standard of Jackson v. Virginia, 443 U.S. 307 (1979), to support his Virginia state court conviction, hence that it was obtained in violation of his constitutional right to due process, entitling him to federal habeas relief.
 
 
 2
 Because we had declined to consider an alternative claim that the district court erred in refusing to consider West's proffer of newly-discovered evidence bearing upon his factual guilt, see West v. Wright, 931 F.2d 262, 271 n.9 (4th Cir. 1991), the Supreme Court remanded the case for our consideration of that claim. See Wright v. West, ____ U.S. at ____, 60 U.S.L.W. at 4644.
 
 
 3
 The issues underlying that claim were adequately briefed and argued before us on West's appeal to this court. Having now again considered them, we affirm the district court's dismissal of the claim without an evidentiary hearing.
 
 
 4
 The dispositive issue is whether the newly-discovered-evidence claim raises an issue of constitutional magnitude justifying consideration by a federal habeas court or merely one of state law going to the question of guilt or innocence that is not cognizable on federal habeas. We have held in this circuit that "the grounds for habeas relief on the basis of newly discovered evidence are exceedingly narrow", and suggested that proof of unconstitutional state conduct related to the "new" evidence is required. See Stockton v. Virginia, 852 F.2d 740, 749 (4th Cir. 1988) (evidence of recantation of critical prosecution testimony inadequate to raise constitutional issue where unaccompanied by any suggestion of prosecutorial misconduct or the like).
 
 
 5
 West urges us to apply the rule followed in some circuits that a federal habeas court may entertain a claim based on newly discovered evidence, without suggestion of any extrinsic unconstitutional state conduct, if it "can be shown that the evidence'would probably produce an acquittal on retrial' ". See Dumond v. Lockhart, 885 F.2d 419, 421 (8th Cir. 1989); Quigg v. Crist, 616 F.2d 1107, 1112 (9th Cir. 1980) (same).
 
 
 6
 We need not decide whether this is the proper constitutional rule, cf. Herrera v. Collins, No. 91-7328, 112 S.Ct. 1074 (1992) (certiorari granted on question of cognizability of claims of"actual innocence" on federal habeas petition). Even were it applied here, it would not entitle West to the relief he seeks: an evidentiary hearing to determine the likely effect of the evidence on a retrial, and whether the evidence was available at the time of trial. We are satisfied that, as a matter of law, the proffered evidence would not "probably produce an acquittal on retrial." Offered as corroboration of West's exculpating explanation of how he acquired this stolen property, it was presented in unsworn "affidavit" form by a prison inmate who had been identified at West's trial as a person from whom West had purchased some of the allegedly stolen property. It was not presented until several years after trial on West's direct appeal to the Virginia Supreme Court, though West had purported to be acquainted with the"affiant" at the time of his trial. The "affidavit" is vague in its details as to time of sale and items sold-and does not purport to cover all the stolen items found in West's possession. While it undoubtedly is relevant to the question of guilt, since it would tend to corroborate West's defense, relevance alone does not suffice to raise a constitutional issue. Townsend v. Sain, 372 U.S. 293, 317 (1963). When considered in conjunction with West's equally uncertain testimony about the salepurchase transaction, see Wright v. West, 60 U.S.L.W. at 4640, note 1 (testimony that would be available for impeachment purposes on any retrial) we are satisfied that the proffered testimony in this "affidavit" would not "probably produce an acquittal on retrial".
 
 
 7
 Accordingly, we affirm the district court's summary dismissal of this newly-discovered-evidence claim.
 
 SO ORDERED